ROBERT L. QUICK, RESPONDENT, v. NOAH WIXON, APPELLANT.

*Costs — upon an appeal from the judgment of a Justice's Court — Code of Civil Procedure, sec. 3070.*

In an action brought by the plaintiff in a Justice's Court to recover fifty dollars for work, labor and services performed for and rendered to the defendant, the latter set up a counter-claim of sixty dollars for goods sold and delivered. The plaintiff recovered a judgment for eight dollars damages and three dollars · costs, from which the defendant appealed to the County Court, where a new trial was had, and a verdict of "no cause of action" was rendered by the jury.

*Held,* that section 3070 of the Code of Civil Procedure only applied to cases in which some judgment is recovered by the respondent, and that the defendant was entitled to the costs of the trial in the County Court. (CULLEN, J., dissenting.)

APPEAL from an order of the Dutchess County Court vacating a judgment, entered herein in favor of the defendant for costs, and directing that the plaintiff's costs and disbursements be taxed and allowed by the county clerk.

The action was brought in a Justice's Court in the county of Dutchess, by the plaintiff, for work, labor and services performed for and rendered to the defendant, and a judgment for fifty dollars was demanded.

The defendant denied each of the allegations of the complaint; pleaded payment and set up a counter-claim for goods sold and delivered, and demanded judgment therefor for sixty dollars. The justice ordered the plaintiff and defendant to furnish a bill of particulars. The plaintiff furnished and served his as directed, but the defendant neglected and refused to furnish his.

The action was tried before the justice without a jury, and decided in favor of plaintiff, and a judgment was entered for eight dollars damages and three dollars costs.

The defendant appealed to the Dutchess County Court for a new trial, which was had therein, the jury rendering a verdict of "no cause of action" simply.

Each party sought to have the costs taxed in his favor.

*Hackett & Williams*, for the appellant.

*John Z. Storrs*, for the respondent.

BARNARD, P. J. :

In no case can a party to an action recover costs when he fails to recover judgment against his adversary. The general rule in actions for the recovery of money is that the plaintiff must recover a judgment for fifty dollars to be entitled to costs. In appeals from Justices' Courts, it is provided that in certain cases offers may be made to compromise. If no offer be made by the respondent, or if made and not accepted, then the respondent is entitled to costs, unless the decision is more favorable to the appellant by the sum of ten dollars; otherwise the appellant is entitled to costs. (Code Civ. Pro., § 3070.) This has reference only to cases where some

judgment is recovered by the respondent. Here the respondent entirely fails to recover any judgment. The case, therefore, falls under section 3229. By this section the plaintiff is only entitled to costs when he recovers a judgment. Unless the plaintiff is entitled to costs the defendant is so entitled. The appeal was an action at issue from the filing of the return. (Code Civ. Pro., § 3071.)

The order should be reversed, with costs and disbursements, and the defendant be declared entitled to the costs established for such action by section 3073 (Code).

DYKMAN, J., concurred.

CULLEN, J. (dissenting):

I dissent. Section 3070 of the Code of Civil Procedure makes complete provision as to all cases of appeal from Justices' Courts where a new trial is demanded, and is exclusive. It cannot be denied that, within the literal terms of that section, the plaintiff was entitled to costs, and the decision below was correct.

The general rule that a party must recover judgment to entitle himself to costs does not apply to appeals from justices. The whole scheme is symmetrical and its object apparent. On appeals with demand of new trials, if the appellant gains ten dollars by his appeal, he is entitled to costs, otherwise not. The respondent can escape being mulcted in costs by an offer of judgment. If the error be less than ten dollars, the aggrieved party is not without remedy. He may appeal, under the provisions of section 3044 to 3067, when he will not be entitled to a new trial as a matter of right. But, if successful, he will be entitled to costs.

The Code intends that an error of less than ten dollars shall not be corrected at the expense and trouble of a new trial, but by an appeal on the justice's return. Nor is any injustice done the appellant by this rule. The plaintiff had a small claim, ill-founded, it is true, still he had a right to try it in an inexpensive tribunal. The defendant, by setting up a counter-claim sufficiently large, obtains a trial in the County Court; that counter-claim is as baseless as the plaintiff's claim. It was the amount of the defendant's counter-claim, not that of the plaintiff's judgment, that authorized the new

trial. It is therefore right that, failing in the counter-claim, the defendant should pay the costs.

The order appealed from should be affirmed.

Order reversed, with costs and disbursements.